UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDUARD SLININ,

    Plaintiff,

v.

ALEX SHNAIDER,

    Defendant.

Case No. 15-cv-9674 (RJS)

**EDUARD SLININ'S OPPOSITION TO
ALEX SHNAIDER'S MOTIONS IN LIMINE**

Alex Shnaider filed two motions in limine. First, Shnaider seeks to exclude two versions of a statement he gave to Russian law enforcement on authenticity and hearsay grounds. Dkt. 123-3 at 2-4. Second, Shnaider advises the Court that the parties will rely on evidence of settlement discussions. *Id*. at 4-5. Shnaider's first motion should be denied. Shnaider's second motion does not require the Court to take action at this time.

**Alex Shnaider's Statements Are Admissible**

**A. Background**

Eduard Slinin and Alex Shnaider agreed to work together to sell airplanes for their mutual profit. Ex. 1, Shnaider Dec. ¶ 21; Ex. 2, Slinin Dec. ¶¶ 9-17. Shnaider contributed his connections and good will with jet manufacturer Bombardier. Shnaider Dec. ¶ 21; Slinin Dec. ¶¶ 9-17. Slinin contributed his connections to potential buyers. Shnaider ¶ 21; Slinin Dec. ¶¶ 9-17. One of those buyers was Georgy Pirumov. Shnaider ¶ 30; Slinin Dec. ¶ 18.

Pirumov agreed to buy five jets from the partnership. Shnaider ¶ 30. He paid to the partnership $19.4 million in deposits on the jets. Shnaider Dec. ¶ 23. But when the economy soured in 2008, Pirumov backed out of the sales. Slinin Dec. ¶ 24. He then initiated a criminal investigation into the partnership in Russia. Shnaider ¶ 69. Both Slinin and Shnaider were represented in the investigation by a Russian lawyer named Igor Kopenkin. Shnaider Dec. ¶ 70.

1

Kopenkin previously represented Shnaider and Shnaider asked him to represent the partners. Shnaider Dec. ¶ 70.

As part of the investigation, the Russian authorities interviewed Shnaider in Moscow about Pirumov's allegations. Shnaider ¶ 71. The substance of Shnaider's interview was reduced to a written statement, in Russian. Shnaider ¶ 71. Shnaider signed that statement. Shnaider ¶ 71.

During the course of this litigation, Slinin obtained an unsigned, draft version of Shnaider's statement. Slinin had the draft translated into English and marked as an exhibit at Shnaider's deposition. Ex. 3, Shnaider Dep. 125:10-20. Shnaider claimed not to recognize the draft at his deposition, noted some errors (the street number in his address, the spelling of his children's names), but agreed with much of its substance. Shnaider Dep. 125:2-149:12. This draft of the statement is what Slinin has identified as plaintiff's exhibit 21. Ex. 4.

After Shnaider's deposition, Slinin obtained a signed copy of Shnaider's statement. Ex. 5, Aleinik Dec. ¶ 12. To do so, Slinin's counsel in this case, Laurence Lebowitz, drafted a request for the statement to the Russian authorities. Aleinik Dec. ¶ 8. Another of Mr. Slinin's lawyers, Ethan Gerber, then asked a Russian-speaking associate at his firm, Olga Aleinik, to translate the request into Russian. Aleinik Dec. ¶¶ 7-9. Gerber and Aleinik sent the translated request to Vladimir Seregin, a Russian lawyer hired by Slinin to obtain Shnaider's statement from the Russian authorities. Aleinik Dec. ¶¶ 10-11.

Seregin obtained Shnaider's statement and sent it back to Gerber. Aleinik Dec. ¶ 12. Gerber and Aleinik then had the statement translated from Russian to English by a professional translator. Aleinik Dec. ¶ 13. The English translation is what Slinin has identified as plaintiff's exhibit 22. Aleinik Dec. ¶ 14; Ex. 6.

### B. Legal Standards

**Authentication.** "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). This showing can be made with testimony of a witness with knowledge that "an item is what it is claimed to be." Fed. R. Evid. 901(b)(1). And it

can be made if the item's "contents … taken together with all the circumstances" satisfy the burden. The methods of authentication are not exclusive. *Id.*

**Hearsay.** A party's statement, if offered against the party, is not hearsay. Fed. R. Evid. 801(d)(2)(A).

### C. Argument

Shnaider has moved to exclude his draft statement (PX 21) and his final statement (PX 22), arguing both a lack of authentication and hearsay. Dkt. 123-3 at 1-2. Neither argument has merit.

Slinin can authenticate the draft statement. Slinin's testimony about how the statement was obtained (which can be offered at trial, if necessary) in combination with Shnaider's deposition testimony confirming some of its contents show that the statement is what Slinin claims it is. Likewise, Shnaider can authenticate the final statement. Shnaider acknowledges that he signed such a statement and Aleinik's declaration establishes how the statement was obtained and translated. That is sufficient. Slinin can also ask Shnaider at trial to identify his signature on the Russian version of the statement to further authenticate the document.

Two other factors weigh in favor of a finding that Slinin can authenticate the statements. First, Shnaider admits making and signing a statement to Russian law enforcement, so there is no dispute that a statement exists. Second, Shnaider does not deny in his motion that these are, in fact, his statements. And while the burden on authentication is on Slinin, if the proposed exhibits were not genuine, Shnaider would likely have filed a declaration saying so. The Court can therefore be confident that the statements are, in fact, Shnaider's.

And once authenticated the statements cannot be hearsay. Rule 801(d)(2)(A) provides that a statement "is not hearsay" if "offered against an opposing party" and "made by the party." The statements offered here were made by and are being offered against Shnaider and are therefore not hearsay. The two cases Shnaider cites in his motion change nothing. Neither case involved Rule 801(d)(2)(A). *See In re Sept. 11 Litig.*, 621 F. Supp. 2d 131, 164 (S.D.N.Y. 2009) (translation of 9-11 co-conspirator's statement offered against those injured in 9-11); *United States v. Ghailani*, 761 F. Supp. 2d 114, 121 (S.D.N.Y. 2011) (witness statements).

### The Court Should Allow Settlement Evidence Consistent with Rule 408

Slinin does not disagree with Shnaider that the parties will present evidence and documents reflecting settlement discussions and that the Court should allow the evidence or not consistent with Rule 408 of the Federal Rules of Evidence. Worth noting in this regard is that, under Rule 408, "[a] distinction is drawn between an offer to do something in furtherance of compromise, which is held to be inadmissible, and independent admissions of fact, which may be admitted." *United States v. Shotwell Mfg. Co.*, 287 F.2d 667, 673 (7th Cir. 1961), aff'd, 371 U.S. 341, 83 S. Ct. 448, 9 L. Ed. 2d 357 (1963); *see also United States v. Gonzalez*, 748 F.2d 74, 78 (2d Cir. 1984) (rejecting Rule 408 challenge to admissibility of statements of fact made during a settlement negotiation). Slinin asks the Court to evaluate any settlement testimony and exhibits with this distinction in mind.

Dated: November 15, 2018.                                              Respectfully submitted,


                                                                           /s/ Tom Kayes
Tom Kayes*
KELLER LENKNER LLC
150 North Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(t) 312.741.5227
tk@kellerlenkner.com

Warren Postman*
KELLER LENKNER LLC
1300 I Street NW, Suite 400E
Washington, D.C. 20005
(t) 202.749.8334
wdp@kellerlenkner.com

Laurence J. Lebowitz
DEALY, SILBERSTEIN
  & BRAVERMAN, LLP
225 Broadway, Suite 1405
New York, New York 10007
(t) 212.385.0066
(f) 212.385.2117
llebowitz@dsblawny.com

*Attorneys for Plaintiff Eduard Slinin*

**CERTIFICATE OF SERVICE**

      I certify that I caused the preceding document to be served on all ECF-registered counsel of record by filing it via the Court's CM/ECF system on the below-indicated date.

Dated: November 15, 2018.                              So certified.

                                                      /s/ Tom Kayes