# Keller | Lenkner

November 26, 2018

**Via ECF and Email**

Hon. Richard J. Sullivan
United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007
sullivannysdchambers@nysd.usourts.gov

      Re:    Request for Premotion Conference re: Rebuttal Testimony
              *Slinin v. Shnaider*, Case No. 1:15-cv-09674 (RJS)

Dear Judge Sullivan:

      I send this letter under Rule 2.A of your Individual Rules and Practices to inform you that Plaintiff Eduard Slinin intends to move under Rule 43(a) of the Federal Rules of Civil Procedure to allow testimony of rebuttal witness Igor Kopenkin by contemporaneous transmission.

      This case has no truly neutral, third-party witnesses. But this motion offers the Court the opportunity to resolve at least one important, factual dispute with the help of a neutral witness with direct personal knowledge. Igor Kopenkin is a lawyer in Russia. Dkt. 128-1 ¶ 70. He has long represented Alex Shnaider. *Id.* At Shnaider's request, he took on the representation of both Shnaider and Slinin in connection with an investigation by Russian law enforcement into their dealings with Georgiy Pirumov. *Id.* Slinin paid Kopenkin's legal fees for that representation. Dkt. 128-2 ¶ 30. But Shnaider, in his direct-testimony affidavit, declared that he paid "all of Mr. Kopenkin's fees" himself. Dkt. 128-1 ¶ 70. The dispute matters. The $800,000 legal bill is a partnership expense for which Slinin claims a right to reimbursement as part of his accounting claim. Dkt. 123-1 ¶ 63.

      On seeing Shnaider's affidavit, Slinin contacted Kopenkin by phone. Kopenkin confirmed that Slinin paid the partnership's legal fees. Slinin asked Kopenkin to provide a declaration, which Kopenkin has,[1] and to

---

[1] The declaration is in Russian. Slinin obtained an English translation from a Russian-fluent lawyer at his counsel's office. Slinin would have submitted both versions with this letter if the Court's rules did not prohibit it. Slinin believed obtaining a declaration made sense given the Court's procedure for admitting

testify at trial. Kopenkin agreed to come and testify in rebuttal to Shnaider's testimony learned that he cannot because he lives in Russia and cannot obtain a visa quickly enough to be present for trial.

Slinin therefore moves this Court for an order allowing Kopenkin to testify at trial via contemporaneous video and audio transmission. "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a). Good cause and compelling circumstances are present here for four reasons.

First, the resolution of this dispute would benefit from one neutral, percipient witness to assist the Court as fact-finder. Second, Kopenkin is unavailable to testify in person through no fault of any party but solely because he cannot obtain a visa in time for trial. Third, even if Kopenkin could obtain a visa in time, he would still be faced with the expense, time, and aggravation of international travel from Moscow to New York City and back. Fourth, Kopenkin's contemporaneous testimony would not result in any unfair prejudice to Shnaider or to the truth-finding process. Using Skype, FaceTime or some similar high-definition video-conferencing technology will allow the Court to evaluate Kopenkin's demeanor while testifying in almost the same manner as if he were present in the courtroom. And Shnaider cannot claim surprise. Kopenkin was his lawyer too. And Kopenkin was listed as a witness on Slinin's Rule 26(a)(1) disclosures. Dkt. 67 at 2 (romanized as "Kopkin" rather than "Kopenkin").

This Court and others have allowed testimony by contemporaneously transmission under similar circumstances. *See Virtual Architecture, Ltd. v. Rick*, 2012 WL 388507, **1-2 (S.D.N.Y. Feb. 7, 2012) (collecting cases). In *Rick*, for example, "international travel, with its attendant costs of time and money" was sufficient by itself to establish good cause and compelling circumstances under Rule 43(a). *Id*. Here, those same considerations and the others listed above justify the requested relief.

---

direct testimony by affidavit. Slinin stands ready to directly examine Kopenkin live or via affidavit.

# Keller | Lenkner

      Counsel for Slinin reached out to counsel for Shnaider seeking Shnaider's consent to the relief requested by this motion. Shnaider did not consent.

Sincerely,

Tom Kayes
Associate